LEAMAN & SEILER

versus

MIKE KANTOS

8552

NO. 8552,

COURT OF APPEAL

PARISH OF ORLEANS

---

WILLIAM A. BELL, JUDGE:

---

December 11th, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED Dec 11/22
19
8552
249

BY: WILLIAM A. BELL, JUDGE:

Plaintiff, a real estate firm in this City, sues defendant for recovery of certain commissions in the sum of $210.00, which said firm claims is due them under a written contract to purchase certain real estate known as #3030-32 Tulane Avenue, in this City. There was judgment in favor of plaintiff, and defendant has appealed.

There are only two witnesses in this case, the ~~plaintiff~~ plaintiff and defendant, each testifying in ~~their~~ own behalf, and the evidence is naturally conflicting. The whole case turns upon the interpretation to be given a written contract of purchase, the important clauses of which are as follows:

> "I hereby offer and agree to purchase through you, Leaman & Seiler, for the sum and price of Seven Thousand Dollars ($7,000) the following described property: (Description).

> Terms, cash - Subject to Approval of Loan From Homestead, etc. ********

> If this offer is accepted, I will deposit with you immediately, in cash, $500.00, of the amount thereof, on account of the purchase price, etc. ************

> Should I fail to comply with the terms and conditions of this offer after same is accepted, I obligate myself to pay on demand your commissions on this sale,"etc. ********

This written contract was signed by the defendant, and duly accepted by the owner of the property. The petition predicates plaintiff's right of recovery upon the allegation that the defendant, by his acts and conduct, has refused to comply with the agreement to take title, and has arbitrarily insisted that petitioner should secure a loan of $6,500.00 from the Homestead Association. Plaintiff further alleges that defendant knows full well that no homestead would advance such a sum on any property valued, as this is alleged to be, at the sum of $7,000.00, and it is finally alleged by plaintiff that it is the defendant's duty, and not plaintiff's, to negotiate the loan from the Homestead, and that defendant has failed to deposit the $500 on account of purchase price in compliance with the agreement as shown in the contract.

250

Defendant answers this suit by pleading that plaintiff's petition discloses no cause or right of action, and reserving the benefit of this exception, defendant pleads a general denial, except that he admits his signature to the document made part of plaintiff's petition.

In a suit of this nature from the City Court, where the petition might have more particularly described a cause of action, and should not in fact have imputed any motive to the defendant as grounds for avoidance of the contract, the Courts not being concerned therewith, we are, nevertheless, of the opinion that the case should be considered on its merits. Therefore, in so far as the Court's judgment implies, though it does not express, an overruling of the exception, we think the said exception should have been overruled.

Passing to the merits, it is apparent from the language of the written contract sued upon, that said contract or obligation contains a suspensive condition in that the performance of the obligation is dependent upon, or "subject to approval of a loan from the Homestead." It is casual in its nature, as well as suspensive, in that it is not made certain that the loan would be possible nor that the procuring of said loan is in the power of either the creditor or the debtor. Rev. C.C. Arts. 20-21, 20-23, 2021, 2023.

The evidence taken in this case is by no means conclusive as to whether the plaintiff or the defendant was obligated to secure the loan from the Homestead. The defendant testifies on this point that he knew of no Homestead in the City nor where to apply for a loan from any Homestead, and that the plaintiff agreed from the outset of the contract to introduce him to some Homestead so that he could borrow the money if possible, and that he, defendant, signed the contract upon the condition that the loan could be thus procured. The plaintiff, on the other hand, denies that the contract was made on such a condition, but does admit that he told defendant that he knew of a Homestead to which he would be glad to introduce him for this purpose.

251

No such step, however, was taken by the plaintiff, nor is any explanation made by plaintiff as to why this was not done. On this point, it is pertinent to notice certain of the testimony, reading as follows:

"Q. He told you he wanted to make sure the Homestead would loan him the $6,500, did he not, before he put up his $500?

A. I suppose that was his views.

Q. Was that not a fact of what he said to you?

A. Probably he meant that.

Q. That is what you understood him to mean?

A. No other way that I could misunderstand him."

It is clear from the language of the contract that the defendant obligated himself to pay $500.00 if his offer was accepted, and that he would deposit this amount immediately, in event of acceptance, but the whole of the contract must be interpreted together, and it would be an unusual and unreasonable interpretation to hold that this part of the contract implied an unconditional agreement to deposit the $500 immediately.

As a matter of fact, it is plain from the evidence, that after defendant was first called on by plaintiff to deposit the $500.00, he responded to the demand by visiting plaintiff and stating his willingness to make such deposit provided he could be assured that a loan over and abofe the cash he was to pay, to wit, $6,500.00, could be secured from some Homestead. Plaintiff, in response to this demand, declared it was not possible to procure said loan, and defendant's testimony is that because of this statement, he refused to deposit any part of the $500.00 required of him.

We are of the opinion that the condition upon which the contract was predicated, made it at all times a suspensive obligation which a court of justice would not enforce unless the performance of the condition was specifically imposed upon one of the parties to said contract.

252

We find that the defendant was not charged in the letter of the contract with this specific duty, nor that he has, in any way, attempted to evade the spirit of the contract, but on the contrary, has never been, from the letter of the contract, charged with the duty of securing the loan. It does not appear that at any time after signing the contract, that defendant agreed that he, rather than plaintiff, would have to procure the loan. It is not the duty of the court to supply a contract with what is necessary to make it more certain and binding, and the law requires that a plaintiff must always make certain his demand and support it by reasonable proof.

We think in this case that plaintiff has failed to do this, and that the defendant cannot therefore be held to the payment of the commissions sued upon, for the reason that the suspensive condition of the contract has not arisen or been performed, and for the further reason that he cannot be charged with any fault of his in this respect.

It is therefore ordered, adjudged, and decreed that the judgment herein appealed from be, and the same hereby is, reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's claim at his cost in both courts.

JUDGMENT REVERSED.

December 11th, 1922.